IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MIRIAM BRIGGS-MUHAMMAD,

        Plaintiff,                                               ORDER

    v.                                                      12-cv-369-wmc

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Defendant.

Plaintiff Miriam Briggs-Muhammad has submitted a proposed complaint. Plaintiff has asked for leave to proceed *in forma pauperis* and has supported her request with an affidavit of indigency. The factors for determining whether plaintiff qualifies for indigent status are:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff claims two grandsons as her legal dependents. Plaintiff and her spouse have a combined monthly income is $1072, or an annual income of $12,864. After subtracting $7400 for the care of two dependents, plaintiff has an annual income of $5464.

Worth noting, and troubling to the court, is that plaintiff failed to report in her affidavit of indigency that within the past three months she received a settlement payment of $15,674.50 in her lawsuit against Wal-Mart, case 09-cv-193-wmc. This money is considered income and should have been reported on plaintiff's affidavit, which was signed under the penalty of perjury. Pursuant to 28 U.S.C. § 1915(e)(2)(A), this court is required to dismiss a case if it determines

that the plaintiff's allegation of poverty is untrue.  The court will give plaintiff the benefit of the doubt and conclude that somehow she misunderstood her obligation to include this five-figure settlement amount in response to the direction to "state the amount of money you have received from any other source in the last twelve months."  So, the court will not dismiss plaintiff's case, but it will add $15,674.50 to her annual income, which brings the total to $21,138.50.

Because plaintiff's income falls in the $16,000 to $32,000 range, she must prepay half of the $350 fee for filing this case.  Once payment has been received, the court will review the merits of plaintiff's complaint to determine whether one or more claims must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because plaintiff is seeking money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).


ORDER

IT IS ORDERED that plaintiff Miriam Briggs-Muhammad may have until June 13, 2012, in which to submit the $175 prepayment of the filing fee for this lawsuit.  If, by June 13, 2012, plaintiff fails to submit this prepayment, the clerk of court is directed to enter judgment dismissing this case without prejudice for plaintiff's failure to prosecute it.


Entered this 22st day of May, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge